IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STEPHANIE D'AMICO<br>8316 Poplar Mill Road<br>Nottingham, Maryland 21236<br><br>    Plaintiff<br><br>v.<br><br>NCB MANAGEMENT SERVICES, INC.<br>One Allied Drive<br>Trevose, Pennsylvania 19053<br>SERVE ON:<br>Brett Silver, President<br>One Allied Drive<br>Trevose, PA 19053<br><br>    Defendant | CIVIL CASE NO.:<br><br>COMPLAINT - CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

Stephanie D'Amico, Plaintiff, by and through her attorney, Charles A. Gilman and Charles A. Gilman, L.L.C., sues NCB Management Services, Incorporated (hereinafter "Defendant" or "NCB"), Defendant, upon the following averments of fact:

1. That the Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1962 et seq. ("FDCPA").

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," and 28 U.S.C. §1367 grants this Court supplemental jurisdiction over the State claims contained herein.

3. That Defendant conducts business in Maryland, personal jurisdiction is established.

1

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

5. That Plaintiff is a resident of Baltimore County, Maryland, has been a resident of Baltimore County Maryland at all times relevant to the facts alleged in this Complaint and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692(a).

6. Pursuant to the definitions outlined in 15 U.S.C. §1692a(1-6), Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from the Plaintiff, and the Plaintiff is a consumer debtor.

7. Defendant is a debt collector with an office in Trevose, Pennsylvania.

8. Defendant uses instrumentalities of interstate commerce and/or the United States Mail in business, the principal purpose of which is the collection of debts.

9. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due.

10. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Plaintiff incorporates the previous paragraphs as if fully stated herein and states further:

13. Defendant began calling Plaintiff in approximately August 2011. Defendant calls Plaintiff on her cell phone and her office phone. Defendant calls several times a week.

14. Plaintiff repeatedly explained her situation and asked that the Defendant stop calling.

15. Defendant's employee(s) repeatedly called and left voicemail messages failing to disclose that the call was for the purposes of collecting a debt and that the call was from a debt collector.

## COUNT I
## (VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT)

16.     Plaintiff incorporates the previous paragraphs as if fully stated herein and states further:

17.     Defendant violated the FDCPA based on the following:

    a.      Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

    b.      Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with the intent to annoy, abuse and harass the Plaintiff.

    c.      Defendant violated §1692e(10) of the FDCPA by using deceptive means to attempt to collect a debt.

    d.      Defendant violated §1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

    e.      Defendant violated §1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff Stephanie D'Amico respectfully requests judgment be entered against Defendant, NCB Management Services, Inc. for the following:

1. Statutory damages of One Thousand Dollars ($1,000.00) pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k;

2. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k;

3. Any other relief that this Honorable Court deems appropriate.

## COUNT II
### (VIOLATION OF THE MARYLAND CONSUMER DEBT COLLECTION PRACTICE ACT)

18. Plaintiff incorporates the previous paragraphs as if fully stated herein and states further:

19. Defendant violated Maryland Code Ann. Commercial Law §14-202 on several occasions including, but not limited to, August 6, , 2011, August 9, 2011, August 15, 2011, August 16, 2011, August 30, 2011, September 9, 2011, September 11, 2011, September 13, 2011 and again on September 13, 2011.

20. Plaintiff has incurred damages as a result of the Defendant's conduct.

WHEREFORE, Plaintiff Stephanie D'Amico demands judgment against Defendant NCB Management Services, Inc. in an amount of Ten Thousand Dollars ($10,000.00) plus attorneys' fees, interest and costs.

CHARLES A. GILMAN, L.L.C.

_____
Charles A. Gilman
CHARLES A. GILMAN, L.L.C.
108 W. Timonium Road, Suite 203
Timonium, Maryland 21093
(410) 560-4999

*Attorney for Plaintiff*

### JURY TRIAL DEMAND

Plaintiff requests a jury on all issues herein.

_____
Charles A. Gilman

4